| | |
|---|---|
| Theodore J. Angelis (*Pro Hac Vice* application forthcoming)<br>theo.angelis@klgates.com<br>Elizabeth J. Weiskopf (*Pro Hac Vice* application forthcoming)<br>elizabeth.weiskopf@klgates.com<br>**K&L GATES LLP**<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br>Telephone: 206.370.8101<br>Facsimile: 206.370.6006<br><br>Nelson Hua (*Pro Hac Vice* application forthcoming)<br>nelson.hua@klgates.com<br>Jiang Wu (*Pro Hac Vice* application forthcoming)<br>jiang.wu@klgates.com<br>**K&L GATES LLP**<br>70 W. Madison Suite 3100<br>Chicago, IL 60602<br>Telephone: 312.558.5347<br>Facsimile: 312.827.8185 | Jay C. Chiu (SBN 205385)<br>jay.chiu@klgates.com<br>**K&L GATES LLP**<br>1 Park Plaza, Twelfth Floor<br>Irvine, CA 92614<br>Telephone: 949.253.0900<br>Facsimile: 949.253.0902<br><br>Steven S. Baik (SBN 184622)<br>White Hat Legal<br>1470 Michigan Avenue<br>Alviso, CA 95002 |

*Attorneys for Realtek Semiconductor Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., a Taiwanese corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br><br>              Defendant. | Case No.   5:22-cv-04769<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 271, 281.  Plaintiff Realtek Semiconductor Corporation brings this action against Defendant Advanced Micro Devices, Inc.  Plaintiff alleges as follows:

**PARTIES**

1. Realtek Semiconductor Corporation ("Realtek") is a company organized under the laws of Taiwan, with its principal place of business at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan.

2. Realtek designs and develops a wide range of energy-efficient, ultra-high-speed semiconductor chip products for communication networks, computer peripherals, and multimedia applications.

3. On information and belief, Advanced Micro Devices, Inc. ("AMD") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2485 Augustine Drive, Santa Clara, California 95054.

4. As discussed in detail below, Defendant's acts of infringement include making, importing, selling, offering for sale, and/or importing products in the United States, including in the State of California and in this District, which infringe Realtek's U.S. patents.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action.  Defendant is subject to this Court's specific and general personal jurisdiction.  Defendant is subject to general personal jurisdiction because it maintains its principal place of business in California and resides in California.

7. Defendant AMD is also subject to this Court's specific personal jurisdiction because it conducts, and has conducted, substantial business in this forum, directly and/or through intermediaries, including making, using, selling, offering for sale, and/or importing, among other

things, AMD Ryzen and AMD Radeon products and similar and related products that infringe Realtek's patents as set forth in this complaint.

8. On information and belief, the Defendant does one or more of the following with the semiconductor devices used in computing and/or data processing that embody the patented technology: (a) makes and uses these devices in the United States for sale to customers, including customers in California; (b) imports these devices into the United States for sale to consumers, including consumers in California; (c) sells them or offers them for sale in the United States, including to customers in California; and/or (d) sells them to customers who incorporate them into products that such customers import, sell, or offer for sale in the United States, including in California.

9. Thus, Defendant has purposefully availed itself of the benefits of doing business in the State of California and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant AMD is a corporation with its principal place of business in this District.

## INTRADISTRICT ASSIGNMENT

11. This matter arises in the County of Santa Clara, and venue is proper in the San Jose Division. Defendant is based in Santa Clara. On information and belief, a majority of Defendant's design and development efforts for the accused products occurred in Santa Clara, and much of the infringing conduct occurred in Santa Clara. On information and belief, individuals involved in the infringing conduct are located in the San Jose division, which makes that division more convenient than the San Francisco division. Plaintiff therefore respectfully requests assignment to the San Jose Division.

## BACKGROUND

12. Realtek is the owner by assignment of U.S. Patent No. 7,936,245 ("the '245 Patent"), titled "Stacked Structure of a Spiral Inductor." The '245 Patent was duly and legally issued by the

United States Patent and Trademark Office on May 3, 2011.  A true and correct copy of the '245 Patent is included as Exhibit A to this Complaint.

13. Realtek is the owner of all rights, title, and interest in and to the '245 Patent, including all rights to sue and recover for past and future infringement.

14. Realtek is the owner by assignment of U.S. Patent No. 8,006,218 ("the '218 Patent"), titled "Power Mesh Arrangement Method Utilized in an Integrated Circuit Having Multiple Power Domains."  The '218 Patent was duly and legally issued in the United States Patent and Trademark Office on August 23, 2011.  A true and correct copy of the '218 Patent is included as Exhibit B to this Complaint.

15. Realtek is the owner of all rights, title, and interest in and to the '218 Patent, including all rights to sue and recover for past and future infringement.

16. Realtek is the owner by assignment of U.S. Patent No. 9,590,582 ("the '582 Patent"), titled "Semiconductor Device with Inductor-Capacitor Resonant Circuit."  The '582 Patent was duly and legally issued by the United States Patent and Trademark Office on March 7, 2017.  A true and correct copy of the '582 Patent is included as Exhibit C to this Complaint.

17. Realtek is the owner of all rights, title, and interest in and to the '582 Patent, including all rights to sue and recover for past and future infringement.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,936,245

18. Plaintiff incorporates by reference Paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that have infringed and continue to infringe one or more claims of the '245 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents.  Defendant's infringing products include, for example and without limitation, and on information and belief, all versions and variations, including predecessor and successor models, of AMD's 3rd Gen Ryzen processors (*e.g.*, Ryzen 5 5600X, Ryzen 7 5800X), 4th Gen Ryzen processors, 3rd Gen Threadripper

processors and 2nd Gen EPYC CPUs, AMD's Radeon 6500 XT and RX 6600XT products, and other 6000 series Radeon products, and any other similar products that infringe at least one claim of the '245 Patent.  Defendant's infringing products are collectively referred to hereinafter as "the '245 Accused Products."  Realtek reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities.  For the avoidance of doubt, the '245 Accused Products are identified to describe the Defendant's infringement and in no way limit the infringement allegations against Defendant concerning other devices that incorporate the same or reasonably similar structures and/or functionalities.

20. The '245 Accused Products infringe one or more claims of the '245 Patent because they contain each element of those claims.

21. By way of example, the claim chart attached as Exhibit D, and incorporated into this Complaint by reference, shows that the '245 Accused Products satisfy each element of the identified claims of the '245 Patent in Exhibit D (including at least claims 1, 2, 8, 9, 10 and 12).

22. By making, using, offering for sale, selling, and/or importing the '245 Accused Products that infringe the '245 Patent, Defendant is liable to Realtek for direct infringement of the '245 Patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

23. In addition, on information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '245 Patent by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers, to make, use, offer to sell, sell, and/or import into the United States without authorization the '245 Accused Products.  The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '245 Patent by such third parties.  Defendant's acts of inducement include: providing the '245 Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the '245 Accused Products; advertising the '245 Accused Products in the United States; and/or encouraging the sale and offer for sale of the '245 Accused Products by Defendant or other entities (for example, https://www.amd.com/en/shop/us/Desktop%20Processors) in a manner that infringes the '245 patent.  For example, upon information and belief, AMD offers

the Ryzen 5 5600X and Ryzen 7 5800X, for sale in the United States at least through the AMD online shop (https://www.amd.com/en/direct-buy/us) and offers the AMD Ryzen Threadripper through the AMD Store on Amazon.com:



## AMD RYZEN™ 7 5800X Processor

- Graphics Model: Discrete Graphics Card Required
- # of CPU Cores: 8
- # of Threads: 16
- Max Boost Clock: Up to 4.7GHz
- Base Clock: 3.8GHz
- Thermal Solution: Not Included
- Default TDP / TDP: 105W

$449.00

ADD TO CART



24. Likewise, on information and belief, Defendant offers AMD Radeon products directly and through distributors directly identified on AMD's webpages, such as: https://www.amd.com/en/products/graphics/amd-radeon-rx-6500-xt and https://www.amd.com/en/products/graphics/amd-radeon-rx-6600-xt:







25. On information and belief, Defendant has proceeded, and continues to proceed, in this manner despite knowledge of the '245 Patent and knowledge that specific actions it actively induced, and continues to actively induce, infringe the '245 Patent. For example, Defendant has been aware of the '245 Patent since at least its acquisition of Xilinx, Inc., because Xilinx cited the '245 Patent in connection with its application for U.S. Patent No. 8,860,180, but Defendant has continued to infringe and induce infringement of the '245 Patent. Defendant also has been aware of the '245 Patent since the filing of this Complaint.

26. Realtek has suffered and continues to suffer damages and irreparable harm as a result of Defendant's infringement of the '245 Patent.

27. Upon information and belief, Defendant's infringement of the '245 Patent has been and continues to be willful, deliberate, and in disregard of Realtek's patent rights. Defendant has not had, nor does it presently have, a reasonable basis for believing it has a right to engage in the acts complained of herein. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement justifies increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,006,218

28. Plaintiff incorporates by reference Paragraphs 1 through 27 above as if fully set forth herein.

**COMPLAINT FOR PATENT INFRINGEMENT**

29. Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that have infringed and continue to infringe one or more claims of the '218 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents. Defendant's infringing products include, for example and without limitation, and on information and belief, all versions and variations, including predecessor and successor models, of AMD's 3rd Gen Ryzen processors (*e.g.*, Ryzen 5 5600X, Ryzen 7 5800X), 4th Gen Ryzen processors, 3rd Gen Threadripper processors and 2nd Gen EPYC CPUs, AMD's Radeon 6500 XT and RX 6600XT products and other 6000 series Radeon products, and any other similar products that infringe at least one claim of the '218 Patent. Defendant's infringing products are collectively referred to hereinafter as "the '218 Accused Products." Realtek reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '218 Accused Products are identified to describe the Defendant's infringement and in no way limit the discovery and infringement allegations against Defendant concerning other devices that incorporate the same or reasonably similar structures and/or functionalities.

30. The '218 Accused Products infringe one or more claims of the '218 Patent because they contain each element of those claims.

31. By way of example, the claim chart attached as Exhibit E, and incorporated into this Complaint by reference, shows that the '218 Accused Products satisfy each element of the identified claims of the '218 Patent identified in Exhibit E (including at least claims 12 through 18).

32. By making, using, offering for sale, selling, and/or importing the '218 Accused Products that infringe the '218 Patent, Defendant is liable to Realtek for direct infringement of the '218 Patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

33. In addition, on information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '218 Patent, pursuant to 35 U.S.C. § 271(b), by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the '218 Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the

doctrine of equivalents, of one or more claims of the '218 Patent by such third parties. Defendant's acts of inducement include: providing the '218 Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the '218 Accused Products; advertising the '218 Accused Products in the United States and/or encouraging the sale and offer for sale of the '218 Accused Products by Defendant or other entities. For example, upon information and belief, AMD offers Radeon RX6500XT graphics card, including the Radeon RX6500XT GPU, for sale in the United States at least through amd.com, as set forth above in paragraphs 23 and 24.

34. Upon information and belief, Defendant has proceeded in this manner despite knowledge of the '218 Patent and their knowledge that specific actions they actively induced and continue to actively induce on the part of third parties constitute infringement of the '218 Patent. Defendant also has been aware of the '218 Patent since at least the filing of this Complaint.

35. Realtek has suffered and continues to suffer damages and irreparable harm as a result of Defendant's infringement of the '218 Patent.

36. Upon information and belief, Defendant's infringement of the '218 Patent has been and continues to be willful, deliberate, and in disregard of Realtek's patent rights. Defendant has not had, nor does it presently have, a reasonable basis for believing it has a right to engage in the acts complained of herein. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement justifies increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,590,582

37. Plaintiff incorporates by reference Paragraphs 1 through 36 above as if fully set forth herein.

38. Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that have infringed and continue to infringe one or more claims of the '582 Patent, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents. Defendant's

infringing products include, for example and without limitation, all versions and variations, including predecessor and successor models, of AMD's 3rd Gen Ryzen processors (*e.g.*, Ryzen 5 5600X, Ryzen 7 5800X), 4th Gen Ryzen processors, 3rd Gen Threadripper processors and 2nd Gen EPYC CPUs, AMD's Radeon 6500 XT and RX 6600XT products and other 6000 series Radeon products, and any other similar products that infringe at least one claim of the '582 Patent. Defendant's infringing products are collectively referred to hereinafter as "the '582 Accused Products." Realtek reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '582 Accused Products are identified to describe Defendant's infringement and in no way limit the discovery and infringement allegations against Defendant concerning other devices that incorporate the same or reasonably similar structures and/or functionalities.

39. The '582 Accused Products infringe one or more claims of the '582 Patent because they contain each element of those claims.

40. By way of example, the claim chart attached as Exhibit F, and incorporated into this Complaint by reference, shows that the '582 Accused Products satisfy each element of the identified claims of the '218 Patent as identified in Exhibit F (including at least claims 1 through 4 and 9).

41. By making, using, offering for sale, selling, and/or importing the '582 Accused Products that infringe the '582 Patent, Defendant is liable to Realtek for direct infringement of the '582 Patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

42. In addition, on information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '582 Patent, pursuant to 35 U.S.C. § 271(b), by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the '582 Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '582 Patent by such third parties. Defendant's acts of inducement include: providing the '582 Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the '582 Accused Products;

1  advertising the '582 Accused Products in the United States and/or encouraging the sale and offer for
2  sale of the '582 Accused Products by Defendant or other entities, as discussed above in paragraphs
3  23 and 24.

4      43.    On information and belief, Defendant proceeded in this manner despite knowledge of
5  the '582 Patent and its knowledge that specific actions it actively induced and continues to actively
6  induce on the part of third parties constitute infringement of the '582 Patent.  Defendant also has
7  been aware of the '582 Patent since at least the filing of this Complaint.

8      44.    Realtek has suffered and continues to suffer damages and irreparable harm as a result
9  of Defendant's infringement of the '582 Patent.

10      45.    On information and belief, Defendant's infringement of the '582 Patent has been and
11  continues to be willful, deliberate, and in disregard of Realtek's patent rights.  Defendant has not
12  had, nor does it presently have, a reasonable basis for believing it has a right to engage in the acts
13  complained of herein.  Defendant's intentional, knowing, egregious, culpable, willful, wanton,
14  malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement justifies
15  increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this
16  action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for relief as follows:

A.  a judgment that Defendant has infringed and continues to infringe one or more claims of the '245 Patent;

B.  a judgment that Defendant has infringed and continues to infringe one or more claims of the '218 Patent;

C.  a judgment that Defendant has infringed and continues to infringe one or more claims of the '582 Patent;

D.  a judgment that Defendant has induced infringement and continues to induce infringement of one or more claims of the '245 Patent;

E.  a judgment that Defendant has induced infringement and continues to induce infringement of one or more claims of the '218 Patent;

**COMPLAINT FOR PATENT INFRINGEMENT**

F.  a judgment that Defendant has induced infringement and continues to induce infringement of one or more claims of the '582 Patent;

G.  a judgment that Defendant has willfully infringed one or more claims of the '245 Patent;

H.  a judgment that Defendant has willfully infringed one or more claims of the '218 Patent;

I.  a judgment that Defendant has willfully infringed one or more claims of the '582 Patent;

J.  a permanent injunction enjoining Defendant from infringing the '245 Patent;

K.  a permanent injunction enjoining Defendant from infringing the '218 Patent;

L.  a permanent injunction enjoining Defendant from infringing the '582 Patent;

M.  a judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

N.  a judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

O.  a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees and costs incurred in connection with this action; and

P.  for such additional and further relief in law and equity, as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b), Plaintiff demands a trial by jury of this action.

|   |   |   |   |
|---|---|---|---|
|   |   |   | Respectfully submitted, |
| Dated: August 19, 2022 | | By: | /s/ *Jay C. Chiu* |

Theodore J. Angelis
theo.angelis@klgates.com
Elizabeth Weiskopf
elizabeth.weiskopf@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
206.623.7580 t
206.623.7022 f

Jay C. Chiu (SBN 205385)
jay.chiu@klgates.com
**K&L GATES LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
949.253.0900 t
949.253.0902 f

Nelson Hua (*Pro Hac Vice* application forthcoming)
nelson.hua@klgates.com
Jiang Wu (*Pro Hac Vice* application forthcoming)
jiang.wu@klgates.com
**K&L GATES LLP**
70 W. Madison Suite 3100
Chicago, IL 60602
312.558.5347 t
312.827.8185 f

Steven S. Baik (SBN 184622)
White Hat Legal
1470 Michigan Avenue
Alviso, CA 95002

*Attorneys for Realtek Semiconductor Corp.*

**COMPLAINT FOR PATENT INFRINGEMENT**